Adele M. Sommers v. Commissioner.
Sommers v. Commissioner
Docket No. 106912.
United States Tax Court
1942 Tax Ct. Memo LEXIS 54; 1 T.C.M. (CCH) 180; T.C.M. (RIA) 42638; December 8, 1942
*54 Held, that payments received by petitioner as beneficiary under a life insurance contract and by reason of the death of the insured are exempt from income tax under section 22 (b) (1) of the Revenue Act of 1936. John B. Peery, C.P.A., 1803 First Nat'l Bank Bldg., Baltimore, Md., for the petitioner. Harry L. Brown, Esq., for the respondent. TYSON Memorandum Opinion TYSON, J.: This proceeding involves an income tax deficiency in the amount of $1,026.38 for the calendar year 1937, not all of which is in controversy. The only issue presented is, whether the respondent erred in including in petitioner's gross income the amount of $5,582.92 representing payments made to petitioner in 1937 by The Equitable Life Assurance Society of the United States. The proceeding has been submitted upon the pleadings, oral and documentary evidence presented at the hearing, and a stipulation of facts. The stipulated facts not set forth are included herein by reference. [The Facts] The post office address of petitioner is Philadelphia, Pennsylvania, care of Fidelity-Philadelphia Trust Company, and she filed her income tax return for the year involved with the Collector of Internal Revenue at Philadelphia, *55 Pennsylvania. Petitioner was the sole beneficiary, if living at the death of the insured, of a policy of insurance designated "Life Income Policy, Ordinary Life", issued March 10, 1921 by The Equitable Life Assurance Society of the United States on the life of petitioner's former husband, Roscoe H. Trumbull, who died on August 8, 1924. The policy matured on the date of insured's death and under its terms the Society was required to pay petitioner, as beneficiary of such policy, guaranteed payments of $500 each month for 20 years and thereafter a like sum each month during the remaining life of the beneficiary. The policy provided that if no beneficiary was surviving at the death of the insured the commuted value of the policy would be paid the executors or administrators of the insured in the lump sum of $91,944. But, under other provisions of the policy, petitioner did not, at any time, have the right to receive such commuted value. As provided by its terms the policy was surrendered after the death of the insured, and replaced by the issuance on August 23, 1924 of The Equitable Life Assurance Society's so-called bond by which the Society agreed to pay petitioner, during her life, *56 monthly installments of $500 as theretofore provided by the policy. The bond further provided: These income installments are based upon an assumed rate of interest of 3% per annum. If a higher average annual rate shall be earned by the Society, the amount of the income installments payable during the first twenty years may be increased by an interest dividend as determined and apportioned by the Society. * * * No assignment or hypothecation of the income payable hereunder will be recognized by the Society. Under other provisions of the bond petitioner could not commute or anticipate income installments. During the taxable year 1937 petitioner received the total sum of $6,230.20 under the provisions of the bond, none of which was included by her in computing her taxable income for that year. Petitioner now concedes that of such sum $230.20 is taxable income to her. The respondent determined that $5,582.92 of the $6,230.20 received by petitioner was taxable under the following computation: Amount insurance company would
have immediately paid after death
of insured - Commuted value of
$120,000.00
$91,944.00
Received and excluded from income
8/24 to 12/31/36
78,783.60
Balance 1/1/37
$13,160.40
Number monthly installments that
could be made during remaining life
of beneficiary as of 1/1/37 (based
on Company mortality rate)
244
Monthly exemption ($13,160.40 / 244)
$ 53.94
Annual exemption ($53.94 X 12)
647.28
Amount received 1937
6,230.20
Portion taxable
5,582.92
Amount reported
None
Income increased
$ 5,582.92
*57 [Opinion] The respondent admits that the question herein has been decided adversely to him by the First and Second United States Circuit Courts of Appeals in the cases of and , but suggests that the interpretation of the applicable act by those cases does not appear to be in harmony "with other facts of the tax structure." We do not agree with this suggestion. Disposition of this proceeding is controlled by the holdings in the cases above cited as well as those in , ; and . Upon authority of the cited cases and giving effect to petitioner's concession that she is taxable in the amount of $230.20 as above stated, we hold that respondent erred in including $5,352.72 in petitioner's gross income in his deficiency notice as representing payments made to petitioner under the insurance policy here involved. The amount should have *58 been excluded from petitioner's gross income under section 22 (b) (1) of the Revenue Act of 1936. Decision will be entered under Rule 50.